# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20598
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS ARTURO SANDOVAL, also known as Jose Ricardo Zuniga Quintero,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-248-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carlos Arturo Sandoval, a native and citizen of Colombia, appeals the 57-month, within-Guidelines sentence imposed following his guilty-plea conviction of illegal reentry by a previously deported alien after a state-law, aggravated-felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). In challenging his sentence as substantively unreasonable, Sandoval contends

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the court should have granted his request for a sentence below the advisory sentencing range.

Because Sandoval did not raise these issues in district court, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Sandoval must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

A within-Guidelines sentence is presumed to be reasonable; the presumption is rebutted if defendant shows "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Sandoval's reliance on the circumstances of his reentry offense and allegedly benign motive for reentry do not show the clear or obvious error needed to rebut that presumption. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). The court stated it considered the § 3553(a) factors and Sandoval's contentions in support of a shorter sentence, such as his health issues, family ties, and his daughter's medical problems, and concluded a Guidelines sentence was appropriate. *See, e.g., United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Re-stated, Sandoval's disagreement with his sentence is insufficient to establish plain error. *See, e.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

No. 15-20598

To the extent Sandoval's challenge is to procedural reasonableness, it also fails.  Assuming, *arguendo*, such a contention was adequately briefed, the court did not fail to consider the § 3553(a) factors, as discussed *supra.  See e.g., Cooks*, 589 F.3d at 186.

Additionally, Sandoval appears to challenge the validity of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Nevertheless, such a challenge to an illegal-reentry conviction is "fully foreclosed from further debate".  *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

Sandoval raises a number of other issues, all of which are inadequately briefed:  an appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies", Fed. R. App. P. 28(a)(8)(A), or they are waived, *see, e.g., United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

AFFIRMED.

3